KOVAL, Appellant and Cross–Appellee,

v.

KOVAL, Appellee and Cross–Appellant.

[Cite as *Koval v. Koval* (1998), 129 Ohio App.3d 68.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 96–P–0268.

Decided July 13, 1998.

---

"1. * * *

*Francis M. Ricciardi,* for appellant and cross-appellee.

*Frank J. Cimino,* for appellee and cross-appellant.

WILLIAM M. O'NEILL, Judge.

This is a divorce case involving issues of property division. The central issue raised in this appeal is the ownership of forty-eight shares of stock in Sugarbush Golf, Inc., an Ohio corporation owning the Sugarbush Golf Course in Garrettsville, Ohio.

Appellant and cross–appellee Lillian M. Koval ("appellant") and appellee and cross-appellant Mike Koval ("appellee") were married on October 2, 1965. It was appellee's second marriage, and he had children from a previous marriage. It was appellant's first marriage. The parties had two children as issue of their marriage, both of whom are now emancipated.

On August 10, 1994, appellant filed a complaint for divorce in Portage County Court of Common Pleas, Domestic Relations Division. The matter proceeded to a two-day trial commencing June 10, 1996. The trial court granted the parties a divorce on November 18, 1996. Appellant timely filed a notice of appeal, and appellee filed a cross-appeal. In appellee's brief on appeal, he withdrew his cross-appeal, and the matter now proceeds solely on appellant's appeal.

Appellant has set forth the following assignments of error:

"[1.] The court abused its discretion and erred to the prejudice of the Plaintiff in finding that the 48 shares of stock in Sugarbush Golf, Inc., held jointly by plaintiff and plaintiff's mother, were marital assets subject to division by the court.

"[2.] The trial court erred to the prejudice of the plaintiff and Genevieve Dzialak in failing to declare Genevieve Dzialak a necessary party to the full and fair adjudication of the interests of both in the 48 shares of Sugarbush Golf, Inc. stock."

The following facts are undisputed. Appellee first became involved with the construction of the Sugarbush Golf Course in 1963, while teaching and coaching at Hiram College. In the fall of 1963, appellee met appellant, who had just been hired by Hiram College to teach in the physical education department. Sugarbush Golf Course opened for business in July 1965, and at the time that the parties married in October 1965, appellee owned one hundred ninety shares of stock in Sugarbush Golf, Inc., while appellant owned eleven shares. Both parties worked at the golf course from before it opened to the public until they left the area in 1967. Beginning in 1967, the parties began receiving stock in Sugarbush Golf, Inc., as joint tenants with right of survivorship. Together, by January 1976, they accumulated four hundred ninety-nine shares.

The couple returned to the Garrettsville area in 1972. Between 1973 and 1976, appellant and her mother, Genevieve Dzialak, were issued a total of forty-eight shares in Sugarbush Golf, Inc. as joint tenants with right of survivorship. These are the shares that are at the center of the parties' dispute. At trial, appellant testified that the money for these stock purchases came from her parents and that the purpose behind buying these particular shares was to gain control of the corporation. At first, appellant testified that her parents "lent" them the money but that the money did not have to be paid back. She later attempted to clarify her testimony by stating that the money from her parents was neither a loan nor a gift, since the stock was in her mother's name and her mother received all of the dividends from owning the stock. She further testified that her mother insisted that the two of them be owners of the stock, since appellee had children from a prior marriage and appellant's mother wanted to ensure that those children never had access to those shares of stock.

In its judgment entry granting the parties a divorce, the trial court made the following findings:

"3. The Court further finds that the parties borrowed monies from Wife's parents to purchase 48 shares in Sugarbush Golf, Inc., so that the parties could have a controlling interest in said enterprise.

"4. The Court further finds that although the 48 shares purchased with funds borrowed from Wife's parents are held in the name of Wife and Wife's mother, the 48 shares were intended to be the property of the parties and should be considered marital assets."

After determining that the forty-eight shares of stock constituted marital property, the trial court proceeded to divide them evenly between the parties.

Addressing the second assignment of error first, appellant claims that the trial court erred in failing to declare her mother, Genevieve Dzialak, a necessary party to the action in order to conduct a full and fair adjudication of the ownership interests in the forty-eight shares of Sugarbush Golf, Inc. stock. Appellant relies on Civ.R. 19(A), which provides in part:

"Persons to be joined if feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee."

Additionally, Civ.R. 21 provides:

"Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party *or of its own initiative* at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." (Emphasis added.)

It is appellant's contention that the forty-eight shares of stock belonged jointly to her and her mother and that the trial court's decision to declare this stock to be a marital asset divested her mother of any interest in the property without an opportunity to be heard. We agree. The shares contained the names of both appellant and her mother, Genevieve Dzialak. Accordingly, before the court could do anything with these shares, Genevieve Dzialak needed to be joined as a party in order to ensure that the rights of all owners of the stock were protected. Clearly, appellant's mother was a necessary party.

Hence, the trial court erred in failing to declare Genevieve Dzialak a necessary party to the action. Appellant's second assignment of error is sustained.

In the first assignment of error, appellant contends that the trial court abused its discretion by finding that the forty-eight shares of stock in Sugarbush Golf Course, held jointly by appellant and her mother, were marital assets subject to division by the court. Instead, appellant asserts that the stock was her separate property and, thus, should have been returned to her in its entirety.

It would be premature for this court to address this issue before the trial court, as factfinder, makes its determination after it hears the evidence to be submitted

by appellant's mother. Accordingly, we decline to address this assignment of error at this time.

Based on the foregoing, the judgment of the trial court is reversed, and the matter is remanded solely to join Genevieve Dzialak as a party and to reconsider the ownership of the forty-eight shares of stock. Costs are assessed to appellee.

*Judgment accordingly.*

NADER, P.J., and MAHONEY, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.